## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARD POTTS,                          :        Civil No. 3:23-cv-1332
                                       :
                    Petitioner         :        (Judge Mariani)
                                       :
        v.                             :
                                       :
WARDEN OF LACKAWANNA COUNTY            :
PRISON, *et al.*,                      :
                                       :
                    Respondents        :

## <u>MEMORANDUM</u>

Petitioner Gerard Potts ("Potts"), an inmate presently confined at the Lackawanna

County Prison, in Scranton, Pennsylvania, initiated the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Because it appears that Potts was a pretrial

detainee at the time he submitted his petition, the matter is appropriately considered a

petition pursuant to 28 U.S.C. § 2241.  *See Glazewski v. United States*, No. 16-cv-3052,

2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "*Thomas v.

New Jersey*, No. 16-1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing

habeas petition that was filed under § 2254 as one that is filed under § 2241 because

petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11-

1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee,

petitioner was not in custody pursuant to a state court judgment and could not proceed

under § 2254, but could proceed under § 2241), *report and recommendation adopted*, 2011

WL 6012933 (M.D. Pa. Dec. 1, 2011); Avila v. New Jersey, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) permits application of the rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Preliminary review reveals that the petition is subject to summary dismissal.

## I.   Background

In his petition, Potts contends that he is a Moroccan diplomat and is entitled to diplomatic immunity.  (Doc. 1, pp. 2-10).  According to Potts, the trial on his criminal charges in the Court of Common Pleas of Lackawanna County has not yet been scheduled and he has not been sentenced in his state court case.  (*Id.* at p. 2).

An electronic search *via* the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, of Potts' criminal docket, CP-35-CR-0002405-2021, confirms that he is awaiting a pre-trial conference in the Court of Common Pleas of

Lackawanna County, he is awaiting a competency evaluation and examination, and he is actively pursuing relief in state court.

## II.   Discussion

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States") (internal quotation marks and citations omitted). Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1)

3

there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Jovce*, 885 F.2d 101, 106 (3d Cir. 1989).  These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic docket sheet and the contents of the petition that, at the time he filed this petition, Potts was involved in ongoing criminal proceedings which implicate important state interests and was actively engaged in defense of those proceedings.  Because he has relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court.  Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition and decline Potts' invitation to invalidate the criminal proceedings against him.  Indeed, "[i]n no area of the law is the need for a federal court to stay its hand

pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

**III.** **Conclusion**

     For the reasons set forth above, the petition for writ of habeas corpus will be dismissed without prejudice. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August ___, 2023